**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**Spartanburg Division**

| | |
|---|---|
| Pearl Adams, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br><br><br><br><br>          -v.-<br><br>Hillcrest, Davidson, and Associates LLC,<br><br><br>                    Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Pearl Adams (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, against the Defendant Hillcrest, Davidson, and Associates LLC (hereinafter "Defendant" or " HDA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of South Carolina consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of South Carolina, County of Spartanburg.

8.      Defendant HDA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service of c/o Incorp Services, Inc., 317 Ruth Vista Road, Lexington, South Carolina 29073.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.      Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.      The Class consists of:

   a.   all individuals with addresses in the State of South Carolina;

   b.   to whom the Defendant sent an initial collection letter attempting to collect a consumer debt;

   c.   which was sent on a date on or after the CFPB Regulation F took effect on November 30, 2021 and on or before a date twenty-one (21) days after the filing of this action;

   d.   which failed to include all necessary notices under 12 CFR 1006.34;

   e.   which contained inaccurate charge off information; and

   f.   which only offered a discount during the individuals' entitled dispute period (15 U.S.C. § 1692g).

12.    The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibits A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

15.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.    **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

4

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. § 1692e, 1692f and/or 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to April 14, 2022, an obligation was allegedly incurred to Frontpoint Security ("Frontpoint").

21.     The Frontpoint obligation arose out of transactions which were primarily for personal, family or household purposes.

22.     The alleged Frontpoint obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23.     Thus, Frontpoint is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.     Upon information and belief, Frontpoint contracted with the Defendant to collect the alleged debt.

25.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

26.     Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

*Violations – April 14, 2022 Collection Letter*

27.    On or about April 14, 2022, Defendant sent the Plaintiff an initial collection notice (the "Letter") regarding the alleged debt owed. (A true and accurate copy of the Letter mailed from the Defendant to the Plaintiff is attached hereto as Exhibit A.)

28.    Plaintiff disputes the debt and/or the product(s)/service(s) allegedly provided forming the basis for the debt.

29.    Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

30.    Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

31.    The Letter contains some of the notices previously required by 15 U.S.C. § 1692g, but does not include the additional information required by Regulation F.

32.    12 CFR § 1006.1 provides:

(a) *Authority*. This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to section 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), 155 U.S.C. 1692/(d), 1692o; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. 5481 *et seq.*; and paragraph (b)(1) of section 104 of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. 7004.

(b) *Purpose.* This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection in light of the facts and circumstances.

(c) ***Coverage.***

    a.   Except as provided in § 1006.108 and appendix A of this part regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in § 1006.2(i), other than a person excluded from coverage by section 1029(a) of the Consumer Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)).

    b.   Section 1006.34(c)(2)(iii) and (3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f).

33.     12 CFR § 1006.18(e) requires:

    (1)  ***Initial Communications***. A debt collector must disclose in its initial communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

34.     12 CFR § 1006.34(c) states:

***Validation information***. Pursuant to paragraph (a)(1) of this section, a debt collector must provide the following validation information.

    (1)  ***Debt collector communication disclosure***. The statement required by § 1006.18(e)

    (2)  ***Information about the debt***. Except as provided in paragraph (c)(5) of this section:

        1.   The debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original creditor information.

        2.   The consumer's name and mailing address

        3.   If the debt collector is collecting a debt related to a consumer financial product or service as defined in § 1006.2(f), the name of the creditor to whom the debt was owed on the itemization date.

        4.   The account number, if any, associated with the debt on the itemization date, or a truncated version of that number.

        5.   The name of the creditor to whom the debt is currently owed.

6.      The itemization date.

7.      The amount of the debt on the itemization date.

8.      An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

9.      The current amount of the debt.

(3) ***Information about consumer protections***.

(i)      The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

(ii)     The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

(iii)    The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid.

(iv)     If the debt collector is collecting debt related to a consumer financial product or service as defined in § 1006.2(f), a statement that informs the consumer that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection.

9

(v)     If the debt collector sends the validation notice electronically, a statement explaining how a consumer can, as described in paragraphs (c)(4)(i) and (ii) of this section, dispute the debt or request original-creditor information electronically.

(4) ***Consumer-response information.*** The following information, segregated from the validation information required by paragraphs (c)(1) through (3) of this section and from any optional information included pursuant to paragraphs (d)(3)(i) and (ii), (d)(3)(iii)(A), (d)(3)(iv) and (v), (d)(3)(vii) and (viii) of this section, and, if provided on a validation notice, located at the bottom of the notice under the headings, "How do you want to respond?" and "Check all that apply:":

(i)     ***Dispute prompts***. The following statements, listed in the following order, and using the following phrasing or substantially similar phrasing, each next to a prompt:

i.     "I want to dispute the debt because I think:";

ii.     "This is not my debt.";

iii.     "The amount is wrong."; and

iv.     "Other (please describe on reverse or attach additional information)."

(ii)     ***Original-creditor information prompt***. The statement, "I want you to send me the name and address of the original creditor.", using that phrase or a substantially similar phrase next to a prompt.

(iii)     ***Mailing addresses***. Mailing addresses for the consumer and the debt collector, which are the debt collector's and the consumer's names and mailing addresses as disclosed pursuant to § 1006.34(c)(2)(i) and (ii).

35.     12 CFR § 1006.34(d) further states that "The validation information required by paragraph (c) of this section must be clear and conspicuous."

36.     Additionally, 12 CFR § 1006.42 requires:

(a) ***Sending required disclosures –***

(1) ***In General.*** A debt collector who sends disclosures required by the Act and this part in writing or electronically must do so in a manner that is reasonably expected to provide actual notice, and in a form that the consumer may keep and access later.

37.     Defendant HDA's April 14, 2022 Letter failed to include all of the information described above.

38.     Specifically, the Letter failed to include an itemization date of any kind, any reference to an itemization date or a statement specifying the creditor on such date in violation of 12 CFR § 1006.34(c)(2).

39.     Additionally, the Letter failed to provide any of the specific dates required under 12 CFR § 1006.34(c)(3) and thus it failed to properly advise the Plaintiff of the relevant information concerning consumer protections.

40.     The Letter further failed to provide the necessary consumer-response information required under 12 CFR § 1006.34(c)(4).

41.     In addition to failing to provide all of the information required by the various subsections of 12 CFR § 1006.34(c), the Letter also failed to clearly and conspicuously provide the validation information generally, in violation of 12 CFR § 1006.34(d).

42.     Defendant also failed to provide the required disclosures in a manner that was reasonably expected to provide actual notice in violation of 12 CFR § 1006.42.

43.     Upon information and belief, Defendant also misrepresented the charge off date by inaccurately identifying a date in the future, May 29, 2022.

44.     Defendant also overshadowed the Plaintiff's dispute period, available pursuant to 15 U.S.C. § 1692g, by only offering a discount during the same time period.

45.     As a result, Plaintiff was unable to determine precisely when the validation period would end, which the CFPB determined was necessary to have a fully informed consumer.

46.     Defendant's omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

47.     When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

48.     This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

49.     To that end, one important element of consumer protection revolves around keeping the consumer informed.

50.     When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

51.     However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

52.     Accordingly, when a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

53.     As a result of the Defendant's multiple FDCPA violations, Plaintiff was unable to evaluate her options of how to handle this debt.

54.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

55.     She spent this trying to determine from which component parts this debt was comprised.

56.     She spent this trying to determine how this debt came to be the alleged balance despite conflicting information in the Letter.

57.     She spent this trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

58.     She spent this trying to mitigate harm in the form of dominion and control over her funds.

59.     She spent this trying to mitigate the harm of the Defendant's negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

60.     Defendant's improper acts caused the Plaintiff to suffer reputational harm.

61.     Defendant's improper acts caused the Plaintiff emotional harm with physical manifestations.

62.     These violations by the Defendant were knowing, willful, negligent, and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid such violations.

63.      Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

64.     Congress further empowered the CFPB to promulgate rules for debt collectors to follow in their attempts to collect a debt.

65.     As noted above, the CFPB set forth a series of rules under Regulation F, the primary purpose of such rules is to ensure that the consumer is completely advised as to the status of the debt.

66.     As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

67.     Defendant's debt collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

68.     Defendant's violations were material misrepresentations because they are likely to affect the Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead the Plaintiff, who was acting reasonably under the circumstances.

69.     Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts.

70.     Plaintiff was confused and misled to her detriment by the statements in the Letter and relied on the contents of the Letter to her detriment.

71.     Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

72.     As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

73.     Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

74.     Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

75.     Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

76.      As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

<u>COUNT I</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

77.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

78.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

79.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

80.     Defendant violated § 1692e:

a.  As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate;

b.  Because the Letter omits a required representation concerning the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

c.  By failing to include all of the necessary information regarding the debt, including the itemization date, the name of the creditor to whom the debt was owed on the itemization date, the total amount due at the itemization date, and an

itemization of the current amount of debt reflecting interest, fees, payments, and credits since the itemization date in violation of § 1006.34(c)(2);

d. By failing to include any specification as to the date that the validation period would end in violation of § 1006(c)(3);

e. By failing to include the dispute prompts prepared by the CFPB, or anything resembling the same, in violation of § 1006.34(c)(4); and

f. By making a false and misleading representation(s) in violation of §1692e(10).

81.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

### <u>COUNT II</u>
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

82.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

83.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

84.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

85.     Defendant violated this section by overshadowing the Plaintiff's entitlement to dispute the subject debt with an offer of discount only during the time period available to dispute.

86.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

87.    Plaintiff repeats the above allegations as if set forth herein.

88.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

89.    Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1.    The amount of the debt;
>
> 2.    The name of the creditor to whom the debt is owed;
>
> 3.    A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4.    A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

90. Defendant violated this section by providing an incorrect charge off date that purports to take place after the date of the Letter and a dispute period that takes place during the exact timeframe to accept a discount, thereby tainting and overshadowing the information within the Letter, including the amount due and dispute period.

91. Defendant in turn continued to collect the debt from the Plaintiff without providing a proper "G Notice."

92. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

93. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pearl Adams, individually and on behalf of all others similarly situated, demands judgment from the Defendant HDA as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Dawn M. McCraw, Esq. as Class Counsel;

2.      Awarding the Plaintiff and the Class statutory damages;

3.      Awarding the Plaintiff and the Class actual damages;

4.      Awarding the Plaintiff, the costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

July 5, 2022                   Respectfully Submitted,

*/s/ Dawn M. McCraw*
Dawn M. McCraw (SC # 105059)
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (866) 683-3985
E: dawn@pricelawgroup.com
Attorneys For Plaintiff